WOLF, J.,
Dissenting.
The trial court gave five reasons for the downward departure sentence and specifically stated,
Each of the listed reasons for a downward departure sentence is separate and independent. The Court specifically finds that each reason alone is a sufficient basis for a downward departure sentence. If any one listed reason is rejected as being insufficient as a ground for a downward departure sentence, the Court finds that any one of the other listed reasons is sufficient for a downward departure.
While I agree with the majority that four of the reasons would not support a downward departure, I must dissent as to reason four, which reads as follows:
The Court recognizes that the Department of Corrections is overcrowded; that the budget is strained. The Court finds that it is a better use of the Department of Corrections’ budget, given this defendant’s twelve years without serious crime, to utilize the Department’s money and resources on treatment and rehabilitation rather than on incarceration and punishment. Given his minor involvement and small amount of drugs involved, it is a more appropriate sentence to try to assist him in overcoming his addiction. We know that treatment works; not for all, but for some. The defendant is thirty-nine years of age, an age where some people finally get the message. The sentence of one year and one day in the Department of Corrections is sufficient punishment under the circumstances of this case. Further crowding of the prison system with this defendant is not an appropriate use of the Department of Corrections’ limited resources.
The only reason given by the majority for rejecting this reason regarding prison overcrowding was that “the state correctly notes that no evidence was introduced regarding these factors and the trial judge did not take judicial notice of any type of report or other information to support the reason.”
Prison overcrowding was only a minor portion of the reason stated by the trial court. The judge’s reasoning was not that this particular downward departure would cure a specific prison overcrowding problem, but in light of all the other factors enumerated in reason four, including age, past record, and seriousness of this of *1162 fense, the Department’s strained resources could be put to better use.
While specific proof is required of certain factors, we should not assume that our trial judges are ostriches with their heads stuck in the sand who are unaware of what is going on around them. Circuit judges sitting on the criminal bench should be able to weigh the relative circumstances of an individual case before the court versus the hundreds of other cases they handle each year. We should also expect that they have a general knowledge of the substantial amount of state resources utilized by our prison system.
I would affirm.